Lauri F. Rasnick
Shira M. Blank
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500
lrasnick@ebglaw.com
sblank@ebglaw.com
*Attorneys for Defendants*
*Option Care Enterprises, Inc. and Jim Bitonti*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| DANA A. LILIENTHAL and RUTH TOMSKY, | : | **ECF** |
| | : | |
| Plaintiffs, | : | Case No.: 17 Civ. 06426 |
| | : | |
| - against - | : | **OPTION CARE** |
| | : | **ENTERPRISES INC. AND** |
| OPTION CARE ENTERPRISES, INC., and JIM BITONTI, | : | **JIM BITONTI'S ANSWER** |
| individually, | : | **AND AFFIRMATIVE** |
| | : | **DEFENSES** |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendants Option Care Enterprises, Inc. ("Option Care") and Jim Bitonti ("Bitonti")

(collectively "Defendants"), through their attorneys Epstein, Becker & Green, P.C., hereby

answer Plaintiffs Dana A. Lilienthal and Ruth Tomsky's Complaint, filed on or about August 23,

2017 (the "Complaint") as follows:

<u>**PRELIMINARY STATEMENT**</u>

        1.        The allegations set forth in Paragraph 1 of the Complaint constitute statements

and conclusions of law to which no response is required.  To the extent that Paragraph 1 is

deemed to contain factual allegations, Defendants admit that Plaintiffs seek relief pursuant to the

identified statutes but deny that there is any basis for relief and aver that Defendants have not

engaged in any conduct that entitles Plaintiffs to damages or relief.

        2.        The allegations set forth in Paragraph 2 of the Complaint constitute statements

and conclusions of law to which no response is required.  To the extent that Paragraph 2 is deemed to contain factual allegations, Defendants admit that Plaintiffs seek relief pursuant to the identified statutes but deny that there is any basis for relief and aver that Defendants have not engaged in any conduct that entitles Plaintiffs to any damages or relief.

3.      The allegations set forth in Paragraph 3 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 3 is deemed to contain factual allegations, Defendants admit that Plaintiff Lilienthal seeks relief under the statutes identified, but deny that Plaintiff Lilienthal should be awarded any relief and aver that Defendants have not engaged in any conduct that entitles Plaintiff Lilienthal to damages or relief.

4.      The allegations set forth in Paragraph 4 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 4 is deemed to contain factual allegations, Defendants admit that Plaintiff Tomsky seeks relief pursuant to the identified statutes but deny that there is any basis for relief and aver that Defendants have not engaged in any conduct that entitles Plaintiff Tomsky to damages or relief.

## JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

5.      Paragraph 5 of the Complaint contains legal assertions to which no response is necessary.  To the extent a response is required, Defendants admit that Plaintiff invokes jurisdiction under the identified statute.

6.      Paragraph 6 of the Complaint contains legal assertions to which no response is necessary.  To the extent a response is required, the allegations are denied.

7.      Paragraph 7 of the Complaint contains legal assertions to which no responses are necessary.  To the extent responses are required, the allegations are denied.

8.      Deny the allegations contained in Paragraph 8 of the Complaint, except admit that

Plaintiffs filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and that Notices of Right to Sue were issued by the EEOC, and refer to said charges for the contents thereof.

## **PARTIES**

9.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11.      Deny the allegations contained in Paragraph 11 of the Complaint except admit that Option Care provides home infusion services, that it was organized under the laws of the State of Delaware.

12.      Admit the allegations contained in Paragraph 12 of the Complaint.

13.      Deny the allegations contained in Paragraph 13 of the Complaint except admit that Plaintiffs worked out of Option Care's New York City office located in College Point, New York (hereinafter the "College Point Office").

## **STATEMENT OF FACTS**

14.      Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15.       Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint.

16.      Admits the allegations contained in Paragraph 16 of the Complaint.

17.      Option Care denies the allegations contained in Paragraph 17 of the Complaint. Bitonti denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Complaint.

18.     Deny the allegations contained in Paragraph 18 of the Complaint, except admit that Lilienthal was a dietician in the College Point Office.

19.     Deny the allegations contained in Paragraph 19 of the Complaint, except admit that Bitonti was hired as Option Care's General Manager in December 2015.

20.     Deny the allegations contained in Paragraph 20 of the Complaint.

21.     Deny the allegations contained in Paragraph 21 of the Complaint.

22.     Deny the allegations contained in Paragraph 22 of the Complaint.

23.     Deny the allegations contained in Paragraph 23 of the Complaint.

24.     Deny the allegations contained in Paragraph 24 of the Complaint.

25.     Deny the allegations contained in Paragraph 25 of the Complaint.

26.     Deny the allegations contained in Paragraph 26 of the Complaint.

27.     Deny the allegations contained in Paragraph 27 of the Complaint.

28.     Deny the allegations contained in Paragraph 28 of the Complaint, except admit that Lilienthal was given an office during her employment with Option Care.

29.     Deny the allegations contained in Paragraph 29 of the Complaint.

30.     Deny the allegations contained in Paragraph 30 of the Complaint.

31.     Deny the allegations contained in Paragraph 31 of the Complaint.

32.     Deny the allegations contained in Paragraph 32 of the Complaint.

33.     Deny the allegations contained in Paragraph 33 of the Complaint, except refers to said email for the contents contained therein.

34.     Deny the allegations contained in Paragraph 34 of the Complaint, except admit that Bitonti discussed Lilienthal's job duties with her.

35.     Deny the allegations contained in Paragraph 35 of the Complaint.

36.     Deny the allegations contained in Paragraph 36 of the Complaint.

37.     Deny the allegations contained in Paragraph 37 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding Lilienthal's feelings.

38.     Admit the allegation contained in Paragraph 38 of the Complaint.

39.     Deny the allegation contained in Paragraph 39 of the Complaint.

40.     Deny the allegations contained in Paragraph 40 of the Complaint.

41.     Deny the allegations contained in Paragraph 41 of the Complaint.

42.     Deny the allegations contained in Paragraph 42 of the Complaint.

43.     Deny the allegations contained in Paragraph 43 of the Complaint.

44.     Deny the allegations contained in Paragraph 44 of the Complaint.

45.     Deny the allegations contained in Paragraph 45 of the Complaint.

46.     Deny the allegations contained in Paragraph 46 of the Complaint.

47.     Deny the allegations contained in Paragraph 47 of the Complaint, except admit that Lilienthal's employment was terminated in November 2016.

48.     Deny the allegations contained in Paragraph 48 of the Complaint, except admits that Lilienthal was called into Bitonti's office on the day that her employment was terminated.

49.     Deny the allegations contained in Paragraph 49 of the Complaint, except admit that Vanessa Fitzpatrick from Option Care's Human Resources Department was on the phone and informed Lilienthal that her employment was being terminated.

50.     Deny the allegations contained in Paragraph 50 of the Complaint except admit that Lilienthal left the office, and when she returned, Vanessa explained the terms of her termination.

51.     Deny the allegations contained in Paragraph 51 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding Lilienthal's alleged shock.

52.     Deny the allegations contained in Paragraph 52 of the Complaint.

53.     Deny the allegations contained in Paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint.

55.     Option Care admits the allegation contained in Paragraph 55 of the Complaint. Bitonti denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 55 of the Complaint.

56.     Deny the allegations contained in Paragraph 56 of the Complaint, except admit that Tomsky's job responsibilities included those listed in Paragraph 56 of the Complaint..

57.     Option Care admits the allegations contained in Paragraph 57 of the Complaint. Bitonti denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 57 of the Complaint.

58.     Option Care denies the allegations contained in Paragraph 58 of the Complaint. Bitonti denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 58 of the Complaint.

59.     Deny the allegations contained in Paragraph 59 of the Complaint, except admit that Tomsky was assigned to work with Memorial Sloan Kettering Cancer Center.

60.     Deny the allegations contained in Paragraph 60 of the Complaint.

61.     Deny the allegations contained in Paragraph 61 of the Complaint.

62.     Deny the allegations contained in Paragraph 62 of the Complaint.

63.     Deny the allegations contained in Paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 64 of the Complaint.

65.     Deny the allegation contained in Paragraph 65 of the Complaint.

66.     Deny the allegations contained in Paragraph 66 of the Complaint except admit that Tomsky told Bitonti that she was pregnant with twins.

67.     Option Care denies the allegations contained in Paragraph 67 of the Complaint. Bitonti denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 67 of the Complaint

68.     Deny the allegations contained in Paragraph 68 of the Complaint.

69.     Deny the allegations contained in Paragraph 69 of the Complaint, except admit that Tomsky was accommodated.

70.     Deny the allegations contained in Paragraph 70 of the Complaint.

71.     Deny the allegations contained in Paragraph 71 of the Complaint.

72.     Deny the allegations contained in Paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 73 of the Complaint.

74.     Admit the allegation contained in Paragraph 74 of the Complaint.

75.     Deny the allegation contained in Paragraph 75 of the Complaint.

76.     Deny the allegation contained in Paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 77 of the Complaint.

78.     Deny the allegation contained in Paragraph 78 of the Complaint.

79.     Deny the allegations contained in Paragraph 79 of the Complaint except admit that Tomsky was informed that her employment was being terminated.

80.     Deny the allegation contained in Paragraph 80 of the Complaint.

81.     Deny the allegations contained in Paragraph 81 of the Complaint.

82.     Deny the allegations contained in Paragraph 82 of the Complaint.

83.     Deny the allegations contained in Paragraph 83 of the Complaint.

84.     Deny the allegations contained in Paragraph 84 of the Complaint.

## CAUSES OF ACTION

### RESPONSE TO FIRST CAUSE OF ACTION

**Hostile Work Environment in Violation of Title VII
(All Plaintiffs against Defendant Option Care)**

85.     Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 84 as if fully set forth herein.

86.     The allegations set forth in Paragraph 86 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 86 is deemed to contain factual allegations, Option Care denies them.

87.     Option Care denies the allegations contained in Paragraph 87 of the Complaint.

88.     Option Care denies the allegations contained in Paragraph 88 of the Complaint.

89.     Option Care denies the allegations contained in Paragraph 89 of the Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION

**Hostile Work Environment in Violation of the ADEA
(Plaintiff Lilienthal Against Defendant Option Care)**

90.     Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 89 as if fully set forth herein.

91.     The allegations set forth in Paragraph 91 of the Complaint constitute statements

and conclusions of law to which no response is required.  To the extent that Paragraph 91 is deemed to contain factual allegations, Option Care denies them.

92.     Option Care denies the allegations contained in Paragraph 92 of the Complaint.

93.     Option Care denies the allegations contained in Paragraph 93 of the Complaint.

94.     Option Care denies the allegations contained in Paragraph 94 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION

### Hostile Work Environment Based on Religion, Sex, Pregnancy and Perceived Disability in Violation of NYCHRL
### (All Plaintiffs Against All Defendants)

95.     Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 94 as if fully set forth herein.

96.     The allegations set forth in Paragraph 96 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 96 is deemed to contain factual allegations, Defendants deny them.

97.     Deny the allegations contained in Paragraph 97 of the Complaint.

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION

### Hostile Work Environment Based on Age in Violation of the NYCHRL
### (Plaintiff Lilienthal Against All Defendants)

100.    Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 99 as if fully set forth herein.

101.    The allegations set forth in Paragraph 101 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 101 is deemed to contain factual allegations, Defendants deny them.

102.     Deny the allegations contained in Paragraph 102 of the Complaint.

103.     Deny the allegations contained in Paragraph 103 of the Complaint.

104.     Deny the allegations contained in Paragraph 104 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION

### Failure to Provide a Reasonable Accommodation in Violation of Title VII
### (All Plaintiffs against Defendant Option Care)

105.     Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 104 as if fully set forth herein.

106.     The allegations set forth in Paragraph 106 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 106 is deemed to contain factual allegations, Option Care denies them.

107.     Option Care denies the allegations contained in Paragraph 107 of the Complaint.

108.     Option Care denies the allegations contained in Paragraph 108 of the Complaint.

109.     Option Care denies the allegations contained in Paragraph 109 of the Complaint.

## RESPONSE TO SIXTH CAUSE OF ACTION

### Failure to Provide a Reasonable Accommodation in Violation of NYCHRL
### (All Plaintiffs against All Defendants)

110.     Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 109 as if fully set forth herein.

111.     The allegations set forth in Paragraph 111 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 111 is deemed to contain factual allegations, Defendants deny them.

112.     Deny the allegations contained in Paragraph 112 of the Complaint.

113.     Deny the allegations contained in Paragraph 113 of the Complaint.

Firm:44456757v1                                    - 10 -

114.    Deny the allegations contained in Paragraph 114 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION

**Wrongful Termination in Violation of Title VII**
**(All Plaintiffs against Defendant Option Care)**

115.    Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 114 as if fully set forth herein.

116.    The allegations set forth in Paragraph 116 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 116 is deemed to contain factual allegations, Option Care denies them.

117.    Option Care denies the allegations contained in Paragraph 117 of the Complaint.

118.    Option Care denies the allegations contained in Paragraph 118 of the Complaint.

119.    Option Care denies the allegations contained in Paragraph 119 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION

**Wrongful Termination in Violation of the ADA**
**(All Plaintiffs against Defendant Option Care)**

120.    Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 119 as if fully set forth herein.

121.    The allegations set forth in Paragraph 121 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 121 is deemed to contain factual allegations, Option Care denies them.

122.    Option Care denies the allegations contained in Paragraph 122 of the Complaint.

123.    Option Care denies the allegations contained in Paragraph 123 of the Complaint.

124.    Option Care denies the allegations contained in Paragraph 124 of the Complaint.

## RESPONSE TO NINTH CAUSE OF ACTION

### Wrongful Termination in Violation of the ADEA
### (Plaintiff Lilienthal Against Defendant Option Care)

125.    Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 124 as if fully set forth herein.

126.    The allegations set forth in Paragraph 126 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 126 is deemed to contain factual allegations, Option Care denies them.

127.    Option Care denies the allegations contained in Paragraph 127 of the Complaint.

128.    Option Care denies the allegations contained in Paragraph 128 of the Complaint.

129.    Option Care denies the allegations contained in Paragraph 129 of the Complaint.

## RESPONSE TO TENTH CAUSE OF ACTION

### Wrongful Termination Based on Religion, Sex, Pregnancy and Perceived Disability in Violation of the NYCHRL
### (All Plaintiffs Against All Defendants)

130.    Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 129 as if fully set forth herein.

131.    The allegations set forth in Paragraph 131 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 131 is deemed to contain factual allegations, Defendants deny them.

132.    Deny the allegations contained in Paragraph 132 of the Complaint.

133.    Deny the allegations contained in Paragraph 133 of the Complaint.

134.    Deny the allegations contained in Paragraph 134 of the Complaint.

## RESPONSE TO ELEVENTH CAUSE OF ACTION

### Wrongful Termination Based on Age In Violation of the NYCHRL

**(Plaintiff Lilienthal Against All Defendants)**

135.     Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 134 as if fully set forth herein.

136.     The allegations set forth in Paragraph 136 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 136 is deemed to contain factual allegations, Defendants deny them.

137.     Deny the allegations contained in Paragraph 137 of the Complaint.

138.     Deny the allegations contained in Paragraph 138 of the Complaint.

139.     Deny the allegations contained in Paragraph 139 of the Complaint.

## RESPONSE TO TWELFTH CAUSE OF ACTION

**Retaliation in Violation of Title VII
(All Plaintiffs Against Defendant Option Care)**

140.     Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 139 as if fully set forth herein.

141.     The allegations set forth in Paragraph 141 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 141 is deemed to contain factual allegations, Option Care denies them.

142.     Option Care denies the allegations contained in Paragraph 142 of the Complaint.

143.     Option Care denies the allegations contained in Paragraph 143 of the Complaint.

144.     Option Care denies the allegations contained in Paragraph 144 of the Complaint.

145.     Option Care denies the allegations contained in Paragraph 145 of the Complaint.

## RESPONSE TO THIRTEENTH CAUSE OF ACTION

**Retaliation in Violation of the NYCHRL
(All Plaintiffs Against All Defendants)**

146.     Defendants repeat, reallege, and reiterate their responses set forth in Paragraphs 1 through 145 as if fully set forth herein.

147.     The allegations set forth in Paragraph 147 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 147 is deemed to contain factual allegations, Defendants deny them.

148.     Deny the allegations contained in Paragraph 148 of the Complaint.

149.     Deny the allegations contained in Paragraph 149 of the Complaint.

150.     Deny the allegations contained in Paragraph 150 of the Complaint.

151.     Deny the allegations contained in Paragraph 151 of the Complaint.

## RESPONSE TO FOURTEENTH CAUSE OF ACTION

### Retaliation in Violation of the FMLA
### (All Plaintiffs Against Defendant Option Care)

152.     Option Care repeats, realleges, and reiterates its responses set forth in Paragraphs 1 through 152 as if fully set forth herein.

153.     The allegations set forth in Paragraph 153 of the Complaint constitute statements and conclusions of law to which no response is required.  To the extent that Paragraph 153 is deemed to contain factual allegations, Option Care denies them.

154.     Option Care denies the allegations contained in Paragraph 154 of the Complaint.

155.     Option Care denies the allegations contained in Paragraph 155 of the Complaint.

156.     Option Care denies the allegations contained in Paragraph 156 of the Complaint.

157.     Option Care denies the allegations contained in Paragraph 157 of the Complaint.

## RESPONSE TO THE PRAYER FOR RELIEF

158.     Deny that Plaintiffs are entitled to any of the relief sought in the Wherefore Paragraph of the Complaint, inclusive of all subparts.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable periods of statutes of limitations.

### THIRD DEFENSE

All actions taken by the Defendants with respect to Plaintiffs were nondiscriminatory, based on reasonable, legitimate business factors, and were undertaken in good faith and in compliance with all applicable laws, rules and regulations, including without limitation the Americans with Disabilities Act ("ADA"), Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Pregnancy Discrimination Act of 1978 ("PDA"). the Family and Medical Leave Act ("FMLA") and the New York City Human Rights Law, N.Y.C. Adm. Code § 8-107 *et seq.* ("NYCHRL"), and all other applicable laws.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to mitigate damages, if any exist, as required under the law.

### FIFTH DEFENSE

Plaintiffs' claims and damages demands are barred by their own conduct, including that Tomsky did not accept another position when it was offered to her.

### SIXTH DEFENSE

Option Care did not encourage, condone or ratify any of the alleged discriminatory or retaliatory conduct alleged by Plaintiffs.

## SEVENTH DEFENSE

The Complaint fails to state a cause of action upon which attorneys' fees, liquidated, compensatory or punitive damages may be awarded.

## EIGHTH DEFENSE

Subject to proof through discovery, Plaintiffs' claims may be barred, in whole or in part, by the doctrines or waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

## NINTH DEFENSE

Any emotional distress, pain and suffering, mental anguish, physical ailments, embarrassment and/or humiliation suffered or claimed to have been suffered by Plaintiffs was not reasonable or justified under the circumstances.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, by the exclusivity of the New York Workers' Compensation Law.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to invoke and exhaust applicable administrative remedies.

## TWELFTH DEFENSE

Option Care maintained an appropriate policy and program against discrimination, harassment, and retaliation, and an effective complaint procedure that was known

and available to all employees and Plaintiffs unreasonably failed to take advantage of the preventative and/or corrective measures provided by Option Care to avoid harm otherwise.

### THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, because Defendants did not fail to reasonably accommodate Plaintiffs' alleged disabilities or religion, Plaintiffs failed to participate in an interactive process with Defendants in connection with any accommodation that was allegedly not provided, and/or Plaintiffs sought alleged accommodations that were unreasonable or imposed an undue hardship on Defendants.

### FOURTEENTH DEFENSE

Option Care would have taken the same actions toward Plaintiffs in the absence of any alleged impermissible motivating factor, which it denies.

### FIFTEENTH DEFENSE

Option Care has at all times acted in good faith.

### SIXTEENTH DEFENSE

Plaintiffs did not engage in protected activity and/or oppose any practice forbidden by the Title VII, NYCHRL, FMLA, ADA, ADEA or any other law, rule, or regulation.

### SEVENTEENTH DEFENSE

The Complaint is barred, in whole or in part, because even if Plaintiffs were able to prove that they were treated less well than others based on a protected characteristic, which Defendants expressly deny, at most, the complained of conduct would amount to mere petty slights and trivial inconveniences and therefore cannot support a cognizable cause of action or entitle Plaintiffs to any relief under the NYCHRL, or any other law, rule or regulation.

### RESERVATION OF RIGHTS

In addition to the defenses stated above, Defendants reserve the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

WHEREFORE, Defendants respectfully request that the Court deny the relief sought by Plaintiffs and enter an Order dismissing the Complaint in its entirety, together with attorneys' fees and costs of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
　　　　 November 7, 2017

EPSTEIN BECKER & GREEN, P.C.


By:　　 */s/ Lauri F. Rasnick*
　　　　　　 Lauri F. Rasnick
　　　　　　 Shira M. Blank
250 Park Avenue
New York, New York  10177
lrasnick@ebglaw.com
sblank@ebglaw.com
(212) 351-4854
*Attorney for Defendants*
*Option Care Enterprises, Inc. and Jim Bitonti*